### TURENNE *v.* WASHBURN.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

GUARANTY—EVIDENCE.

　　In an action to recover from defendant as guarantor an amount due plaintiff for work on defendant's house as subcontractor of S., it appeared that, before the work was completed, plaintiff refused to do more until $400 was paid him; that S. gave defendant a mortgage, which included the $400 due plaintiff. Plaintiff testified that defendant paid him $400, and agreed to pay the balance if he would finish the work. On cross-examination, plaintiff testified that defendant guarantied that, if S. did not pay the balance, he would pay it himself. Plaintiff further testified that it was the understanding that he was to be paid from a loan which S. expected to procure, and S. gave plaintiff an order on the person by whom the loan was to be made for the amount to become due on the completion of the work. It was also in evidence that defendant did not pay plaintiff the $400, but gave S. a check for that amount, which S. indorsed to plaintiff. *Held,* that plaintiff could not recover, as the evidence failed to show that defendant intended to become personally liable; and if he did so agree, it was void under the statute of frauds.

Appeal from circuit court, New York county.

Action by Orvila Turenne against Wilbur F. Washburn. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*S. H. Stuart,* for appellant.　　*W. H. Sweny,* for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff as assignee of one Delphus F. Moisan to recover a balance due for certain stair building done by Moisan upon certain houses in the city of New York. The answer was a general denial. It appeared upon the trial that prior to July, 1891, said Moisan had made a contract with one John H. Steinmetz to do this stair building for the sum of $3,150, and that a portion of the work had been completed, and Steinmetz had paid Moisan $1,800, who refused to go on unless he received more money, claiming that $400 more was then due him. Steinmetz was indebted to the defendant Washburn, and gave him a mortgage to secure that indebtedness, which mortgage included the amount in which Steinmetz was indebted to Moisan, and was in payment of that amount to Washburn. It would seem, although the evidence is not very explicit upon that point, that it was expected to get other mortgages upon the property, out of which to pay the claim of the plaintiff, and also the money which was due to Washburn; but there not being as much money advanced as Steinmetz

expected, neither Washburn nor Moisan was paid. It further appeared that in July, 1891, Moisan, refusing to go on unless the $400 was paid, was taken by Steinmetz to the defendant. And Moisan testified upon his direct examination that the defendant paid him the $400 due, and said to him to finish up the work, and he would pay the balance of the money on the work as soon as he got his work done; and in another place, Moisan testified that Washburn, after the loan was placed, said he would give him the money as quick as he could get the thing fixed. Upon cross-examination, however, Moisan varied his testimony by stating that at the time he had testified the defendant stated that, if he would go on and do the work, he would see him paid, or guaranty payment. And after having testified that the $400 was paid to him, a check was shown to the witness, drawn by Washburn to Steinmetz, for $400, and indorsed by Steinmetz and one Sophy Moisan; and the witness then stated that he did not know whether Steinmetz gave him the check, or Washburn. All that he knew was that the check was put in his hands. And he then further stated that he did remember that Washburn guarantied that, if Steinmetz did not pay the balance, he would pay it himself. And in another place he testified that he was to be paid out of the loan that was to be made on the property; that that was the understanding. And an order was introduced in evidence, given by Steinmetz upon the persons who were about to make a loan, requesting them to pay $950 to Mr. Moisan on the completion of the contract. It was further proved that Moisan completed his contract, and that Washburn did not pay the $950. Upon this condition of the evidence, the complaint was dismissed, upon the ground that the contract of Washburn, if any was proven, was within the statute of frauds, and that no agreement to pay had been established; and from the judgment thereupon entered, this appeal is taken.

We do not see how we can interfere with the result arrived at upon the trial. It is true that Moisan, the assignor of the plaintiff, upon his direct examination, swore to a direct promise upon the part of Washburn to pay, if Moisan went on and completed the contract. But upon cross-examination, it seems distinctly to appear that there was no intention upon the part of Washburn to enter into any personal contract to pay the balance which might be due to Moisan; and from the check and the order, which was given as part and parcel of these negotiations and agreements, it would appear that it was the understanding of the parties that the money that Washburn was to pay was to be the proceeds of the loan which was to be obtained upon the property, and that there was no intention upon his part to enter into a personal obligation to pay. Moisan swears that the understanding was that this $950 was to be paid out of the proceeds of the mortgage. It appears from Steinmetz's testimony that the $400 which was paid was secured by a mortgage which Steinmetz had given to Washburn upon the premises in question; and as a means of getting the balance of his money, Moisan accepted the order upon the persons who were to make the loan upon mortgage. In the face of all these circumstances, there does not seem to have been any question to go to the jury, because the plaintiff was bound by the explicit declarations of Moisan upon his cross-examination, as to the nature of the obligation which Washburn took upon himself by reason of the negotiations between himself and Moisan. It is clear from this testimony that, if there was any personal obligation, it was within the statute of frauds. But it seems to us equally clear that there was no intention to enter into any personal obligation whatever, and that all that Washburn was to do was to see that Moisan got his money out of the loans to be procured. This was very far from assuming any personal obligation to pay the balance which might be due upon the contract.

The judgment appealed from should be affirmed. All concur.